Kenneth Duane **PORTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–98–00476–CR.

Court of Appeals of Texas, Austin.

June 17, 1999.

Rehearing Overruled July 29, 1999.

---

Robert A. McGlohon, Jr., San Antonio, for Appellant.

Ken Anderson, District Attorney, John M. Bradley, Assistant District Attorney, Georgetown, for State.

Before Justices JONES, B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

Kenneth Duane Porter appeals his conviction for possession of child pornography. *See* Tex. Penal Code Ann. § 43.26 (West 1994). Porter filed a motion to suppress evidence obtained from his computer's hard drive, claiming that the computer was searched illegally and without his consent. Porter waived his right to a jury trial and was tried before the court on the basis of the evidence offered at the hearing on the motion to suppress. The trial court found Porter guilty and assessed his sen-tence at eight years' imprisonment. On appeal, Porter disputes the legal sufficiency of the evidence to support his conviction. Porter also argues that the search of his computer violated his constitutional and statutory rights. We will reverse the trial court's judgment and render a judgment of acquittal.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 1996, Kenneth Porter brought his computer to the customer service department of the Dell Factory Outlet Store in Austin for the repair of a broken microphone jack. Dell technician Lonnie Gilliland received the computer, turned it on, and the Windows 95 operating system started automatically. With Windows 95 running, the computer displayed various icons on the desktop, representing program shortcuts that enable a user to start a program by clicking on the icon. One icon caught Gilliland's attention and he started the program, which automatically opened a folder on the computer's hard drive. Gilliland had heard of the program, which enabled the user to view images on the computer monitor, and was curious to see how it operated; he testified that starting the program had nothing to do with the procedure for repairing the broken microphone. Gilliland looked at files in the folder and discovered one that appeared to depict a girl under the age of 18 engaged in sexual conduct. Gilliland immediately turned off the computer monitor and summoned his manager; after viewing the file, the manager contacted an off-duty officer of the Texas Department of Public Safety ("DPS") who worked as a security guard at the Dell facility. With Gilliland's assistance, DPS officer Sue Baxter examined several other files in the folder and contacted her supervisors at DPS. A DPS investigator arrived and took possession of the computer.

Neither the initial search of the computer by Officer Baxter nor the seizure of the computer was made pursuant to a search

warrant, and Gilliland testified that he had not been given consent to look in any files other than those relating to the broken microphone jack. DPS investigator Mark Riordan subsequently interviewed Porter and sought his consent, after the fact, to search the computer; Porter refused. Riordan then obtained a warrant to search the computer.

Porter was indicted for the offense of possession of child pornography and waived his right to a jury trial. *See* Tex. Penal Code Ann. § 43.26 (West 1994). Porter moved to suppress the State's evidence. By agreement of the parties, Porter received a bench trial on the basis of the evidence adduced at the hearing on Porter's motion to suppress. Porter pleaded not guilty to the indictment, was found guilty by the court, and was sentenced to eight years' imprisonment.

Porter raises four points of error on appeal. First, he disputes the sufficiency of the evidence to support his conviction as a matter of law. Porter also claims that the evidence was legally or, in the alternative, factually insufficient to show proper venue in Williamson County. Porter further urges that the trial court erred in admitting evidence obtained in an illegal private party search, in violation of article 38.23 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 38.23 (West 1981). Finally, Porter claims error in the trial court's admission of evidence obtained by means of an unreasonable search and seizure in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. U.S. Const. Amends. IV, XIV.

### DISCUSSION

■ In his first point of error, Porter challenges the legal sufficiency of the evidence to support his conviction. In reviewing a legal sufficiency challenge, we consider the evidence in the light most favorable to the judgment and ask whether a rational trier of fact could have found all the elements of the offense beyond a rea-sonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,* 958 S.W.2d 186, 190–91 (Tex.Crim.App.1997). Porter was convicted under the version of Penal Code section 43.26 in effect in 1996, which provided in pertinent part:

(a) A person commits an offense if:

  (1) the person knowingly or intentionally possesses material containing a film image that visually depicts a child younger than 18 years of age at the time the film image of the child was made who is engaging in sexual conduct; and

  (2) the person knows that the material depicts the child as described by Subdivision (1).

(b) In this section:

  (1) "Film image" includes a photograph, slide, negative, film, or videotape, or a reproduction of any of these.

Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 2, 1985 Tex. Gen. Laws 2133, 2134 (Tex. Penal Code Ann. § 43.26, since amended) (current version at Tex. Penal Code Ann. § 43.26 (West Supp.1999)).

■ The possession of "material containing a film image" is an essential element of the offense under former section 43.26. *See* Tex. Penal Code Ann. § 43.26 (West 1994); *Vineyard v. State,* 913 S.W.2d 731, 733 (Tex.App.—Eastland 1995), *rev'd on other grounds,* 958 S.W.2d 834 (Tex.Crim.App.1998). Porter argues that data files and a viewer program on a hard drive do not constitute "material containing a film image" as prohibited by former section 43.26. *See* Tex. Penal Code § 43.26 (West 1994). Therefore, Porter argues that as a matter of law, he cannot have been found guilty of the offense. We agree.

The statutory definition of "film image" refers to various visual and photographic media. *See* Tex. Penal Code Ann. § 43.26(a)(2) (West 1994). However, computer data and computer programs are not

visual media. The Penal Code defines "data" as "a representation of information, knowledge, facts, concepts, or instructions that is being prepared or has been prepared in a formalized manner and is intended to be stored or processed, is being stored or processed, or has been stored or processed in a computer." Tex. Penal Code Ann. § 33.01(11) (West 1994). The Penal Code defines a "computer program" as "an ordered set of data representing coded instructions or statements that when executed by a computer cause the computer to process data or perform specific functions." *Id.* § 33.01(5). The program on Porter's computer, when executed, caused the computer to interpret a data file in order to display an image on the monitor. However, the program and data file are not themselves images. Thus, we determine that Porter's computer hard drive did not contain a "film image" under the meaning of the former section 43.26. *See* Tex. Penal Code Ann. § 43.26 (West 1994).

Under the statutory definition, a "film image" also includes "a reproduction" of a photograph, slide, negative, film, or videotape. *Id.* The statute does not define "reproduction." When a word is not specifically defined in a statute, we construe the word in the sense in which it is understood in common language, considering the context and subject matter relative to which the word is employed. *See Sanford v. State,* 492 S.W.2d 581 (Tex.Crim.App. 1973). As commonly understood, a "reproduction" means a copy or a duplicate.[1] In the context of former section 43.26, a "reproduction" refers to an image copied from a photograph, slide, negative, film, or videotape. *See* Tex. Penal Code Ann. § 43.26 (West 1994).

To reproduce an image is to create another image. Thus, possession of a reproduction of an image is still possession of an image. However, the hard drive of Porter's computer did not contain an image *per*

*se,* but rather contained a digitally encoded set of instructions for copying an image. When a user activates the viewer program, those instructions are executed and the computer produces the copy. However, neither the set of instructions nor the data processed according to those instructions are actual reproductions of an image. We determine that the information stored on Porter's hard drive has the capacity to create a reproduction of an image, but is not an actual reproduction itself. We therefore conclude that Porter did not possess "a film image . . . or a reproduction" of a film image under the meaning of former section 43.26.

■ When the language of a statute is ambiguous, we may look to its legislative history as an aid in interpreting the statute. *See Tovar v. State,* 978 S.W.2d 584, 586 (Tex.Crim.App.1998). "The legislative intent of a statute may be extracted from the records of its legislative history." *Howard v. State,* 690 S.W.2d 252, 254 (Tex. Crim.App.1985). We must construe former Penal Code section 43.26 according to the meaning the statute had when it was enacted. *See Taylor v. Firemen's and Policemen's Civil Serv. Comm'n,* 616 S.W.2d 187, 189 (Tex.1981).

Former Penal Code section 43.26 was enacted in 1985. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 2, 1985 Tex. Gen. Laws 2133, 2134. From the legislative history of the former section 43.26, it does not appear that the legislature contemplated that this provision would apply to data encoded on a computer. *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 626, 69th Leg., R.S. (2133). The State notes that former section 43.26 was amended in 1993, and asserts that at the time of the 1993 amendment, the legislature was aware of the use of computers for storing data to reproduce photographic images. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993

---

**1.** Webster's Third New International dictionary defines a "reproduction" as a "copy," "likeness," or "counterpart." *Webster's Third*

*New International Dictionary* 1927, 1928 (Philip B. Gove ed., 1986).

Tex. Gen. Laws 3586, 3685 (codified at Tex. Penal Code Ann. § 43.26 (West 1994)). However, nothing in the language or legislative history of the 1993 amendment to former section 43.26 indicates that the legislature intended at that time to expand the statute to cover computer material.[2] Had the 73rd Legislature intended to expand the list of material prohibited under former section 43.26, it failed to do so in the 1993 amendment to the statute.

The legislature again amended section 43.26 in 1997, this time adding language that did expressly bring computer material under the purview of the statute. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 933, 1997 Tex. Gen. Laws 2931 (codified at Tex. Penal Code Ann. § 43.26 (West Supp. 1999)). The revised statute provides in pertinent part:

(a) A person commits an offense if:

  (1) the person knowingly or intentionally possesses *visual material* that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct; and

  (2) the person knows that the material depicts the child as described by Subdivision (1).

(b) In this section:

  (3) "Visual material" means:

    (A) any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide; or

    (B) *any disk, diskette, or other physical medium that allows an image to be displayed on a computer* or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method.

Tex. Penal Code Ann. § 43.26 (West Supp. 1999) (emphasis added).

While the 1997 amendment to section 43.26 indicates the intent of the 75th Legislature to expand the scope of the statute, the act of one session of the legislature cannot declare the intent of a past session. *See Ex parte Schroeter*, 958 S.W.2d 811, 813 (Tex.Crim.App.1997). Indeed, the 1997 amendment reflects the legislature's belief that the version of the statute at issue in this appeal did *not* cover possession of computer material, a situation the 1997 Legislature wished to change. *See Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex.Crim.App.1979) ("In enacting an amendment the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless.").

We hold that possession of computer data and computer programs stored on a hard drive does not constitute possession of a "film image" or a "reproduction" of a film image as prohibited by the version of Penal Code section 43.26 in effect in 1996. Tex. Penal Code Ann. § 43.26 (West 1994). We are comforted in this holding by the knowledge that the legislature has already addressed this failure of the statute; the legislature's revision of the statute ensures that our ruling does not impede the State's future prosecutions of this offense. However, the 1997 amendment became effective some eleven months after Porter's computer was searched and cannot relate back to cover Porter's prosecution. Having determined that possession of computer data and computer programs does not constitute possession of a film image or its reproduction under the relevant statute, we conclude that the evidence was legally insufficient to support the trial court's judgment of conviction. Porter's first

---

2. The 1993 amendment simply substituted "18" for "17" in subsection (a)(1), and made other nonsubstantive changes. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3685 (codified at Tex. Penal Code Ann. § 43.26 (West 1994)).

point of error is sustained. Because of this disposition, we need not address Porter's other points of error.

## CONCLUSION

The trial court erred in finding Porter guilty on the basis of legally insufficient evidence. We reverse the judgment of the trial court and render a judgment of acquittal.