BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0325-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 5, 2003


______________________________



CHRISTOPHER EVAN HEFNER,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 8938; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Christopher Evan Hefner (appellant) appeals his conviction for enticing a child. The
court received the complete appellate record by August 14, 2003. Thus, appellant's brief
was due on September 14, 2003. However, one was not filed on that date. Instead,
counsel for appellant moved to extend the deadline, and the latter was extended to
October 13, 2003. Rather than file a brief on that date, counsel for appellant again moved
for an extension, and we then extended the briefing deadline to November 3, 2003. Before
us is a third motion requesting an additional extension. Furthermore, the reason proffered
to justify it is akin to those used to obtain the prior extensions; that is, counsel for appellant
represents that he has not had the time to research or complete the research "on the legal
issue in this case." 

 Consequently, we abate this appeal and remand the cause to the 84th District Court
of Hutchinson County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed
counsel; 



 whether counsel for appellant has abandoned the appeal;



 4. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an
appellate brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105
S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an
indigent defendant is entitled to the effective assistance of
counsel on the first appeal as of right and that counsel must be
available to assist in preparing and submitting an appellate
brief); and,


 5. whether the appellant should be appointed new counsel on
appeal.

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, or
if it is determined that counsel has abandoned the appeal, then we further direct the court
to appoint new counsel to represent appellant in the appeal. The name, address, phone
number, telefax number, and state bar number of the new counsel, if any, who will
represent appellant on appeal must also be included in the court's findings of fact and
conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a
supplemental clerk's record containing the findings of fact and conclusions of law and 2)
a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before December 5, 2003. Should
additional time be needed to perform these tasks, the trial court may request same on or
before December 5, 2003.

 It is so ordered.

 Per Curiam

Do not publish.



ed the test as, “Can the [courts] and the defendant identify\
what penal code provision is alleged and is that penal code provision one that vests\
jurisdiction in the trial court?” Id. at 180. \
'

var WPFootnote12 = ' Indeed, had counsel brought the Porter opinion to the attention of the State and\
the trial court, it is difficult to see the action would have brought about any change in\
appellant’s prosecution, beyond the possible modification of the indictments. \
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-07-0332-CR
NO. 07-07-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 17, 2009

______________________________


EX PARTE ALBERT V. JESSEP

______________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 51,224-A AND 51,225-A; HON. HAL MINER, PRESIDING
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
          Appellant Albert V. Jessep, proceeding pro se, appeals the denial of his requests
for habeas corpus relief, made pursuant to article 11.072 of the Code of Criminal
Procedure.


 We affirm.
Background
          Appellant’s computer was seized by peace officers while it was being repaired at an
Amarillo computer shop. The computer’s hard drive contained pornographic images
involving children. By two July 2005 indictments, appellant was charged with two
possession of child pornography offenses.


 The language of the indictments was identical
with the exception of the description of the computer file paths in which the pornographic
images were located. In April 2006, appellant, represented by retained counsel, plead
guilty to each offense pursuant to a plea agreement. The trial court deferred adjudication
of appellant’s guilt and placed him on community supervision for a period of five years.
          Appellant filed notice of appeal in both cases. We dismissed his appeals because
the trial court’s certifications under Rule of Appellate Procedure 25.2 stated he had no right
of appeal and the record supported the certifications. Jessup v. State, No. 07-06-0242-CR,
07-06-0243-CR, 2006 WL 2660776 (Tex.App.–Amarillo Sept. 15, 2006, pet. ref’d) (mem.
op., not designated for publication).


 Appellant then filed applications for writs of habeas
corpus alleging deficiencies in the indictments and alleging ineffective assistance of
counsel.


 The trial court entered findings of fact stating that appellant’s grounds for relief 
lacked merit, and denied appellant’s applications.


 These appeals followed.
Analysis
Standard of Review
          In general, a trial court's ruling in a habeas proceeding should not be overturned
absent a clear abuse of discretion. Ex parte Mann, 34 S.W.3d 716, 718 (Tex.App.–Fort
Worth 2000, no pet.). We are to evaluate whether the court abused its discretion by
determining whether the court acted without reference to any guiding rules or principles.
Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh’g); Mann,
34 S.W.3d at 718.
Application
          Appellant presents four issues on appeal, all of which are based on the same
premise concerning the language of the indictments. The indictments alleged that on
December 31, 2004, appellant “did then and there intentionally and knowingly possess
material containing a film image, to wit: a photograph located on a computer in file path
[describes path], which visually depicted, and which the defendant knew visually depicted
a child who was younger than 18 years of age at the time the film image of the child was
made, engaging in sexual conduct, to-wit: actual lewd exhibition of the genitals.” (Italics
ours). Appellant’s arguments focus on the words “film image.” He contends his computer’s
hard drive contained digital information, but nothing that properly could be called a “film
image.” 
          Appellant relies primarily on Porter v. State, 996 S.W.2d 317 (Tex.App.–Austin
1999, no pet.), in which the court reversed Porter’s child pornography possession
conviction. Like appellant, Porter’s computer was found to contain pornographic images
stored in a file on the computer’s hard drive. The version of Penal Code § 43.26 in effect
at the time Porter’s computer was searched defined the offense in terms of possession of
“material containing a film image.” Porter, 996 S.W.2d at 319. The Austin court concluded
that the definition of “film image” then contained in the statute did not include computer
data and computer programs stored on a hard drive. Id. at 321. Finding that Porter’s
conduct thus was not criminalized by the statute then in effect, the court rendered a
judgment of acquittal. Id. at 322. 
          As the Porter opinion makes clear, the legislature amended Penal Code § 43.26 in
1997, and it is that amended version that governs appellant’s prosecution.


 Appellant does
not dispute that the current statute proscribes possession of child pornography stored
digitally on a computer’s hard drive. He contends, however, that the use of the phrases
“film image” in his indictments requires the same conclusion as that reached in Porter.



Appellant is mistaken. The conviction in Porter was reversed because his possession of
computer-stored images was not against the law at the time the images were discovered
in 1996.


 The legislature changed the law, and appellant’s possession of computer-stored
images of child pornography was against the law in 2004. The State’s use of the older “film
image” language in the indictments does not mean that appellant’s guilt or innocence is
determined under the pre-1997 version of the statute, which also used that language. See,
e.g., Davis v. State, 268 S.W.3d 683, 697 n.3 (Tex.App.–Fort Worth 2008, pet. ref’d);
Haynes v. State, 254 S.W.3d 466, 468 n.1 (Tex.App.–Houston [1st Dist.] 2007), aff’d 273
S.W.3d 183 (Tex.Crim.App. 2008) (penal code provision(s) in effect at the time a person
commits the offense governs the case).



Issues One and Two - Legal Sufficiency of Evidence
          With that discussion as background, we turn to appellant’s issues. Appellant’s first
two issues are couched in terms of the legal sufficiency of the evidence supporting his guilt. 
He contends the evidence was legally insufficient because no evidence showed he
possessed a “film image” as the indictments alleged. 
          We begin our analysis by noting appellant plead guilty to each offense for which he
was charged. A guilty plea is more far-reaching than a confession admitting that a
defendant performed certain deeds. Ex parte Williams, 703 S.W.2d 674, 682
(Tex.Crim.App. 1986). The entry of a valid plea of guilty has the effect of admitting all
material facts alleged in the formal criminal charge. Id. A plea of guilty waives all non-jurisdictional defenses including contentions as to the insufficiency of the evidence. Id. 
          Challenges to the legal sufficiency of the evidence supporting an underlying
conviction generally are not cognizable on an application for a writ of habeas corpus. See,
e.g., Ex parte Santana, 227 S.W.3d 700, 705 (Tex.Crim.App. 2007); Ex parte Perales, 215
S.W.3d 418, 419 (Tex.Crim.App. 2007); Ex parte Grigsby, 137 S.W.3d 673, 674
(Tex.Crim.App. 2004); State ex rel. Abbott v. Young, 265 S.W.3d 697, 706
(Tex.App.–Austin 2008, no pet.). There are exceptions to the general rule. See, e.g.,
Perales, 215 S.W.3d at 120 (agreeing with habeas court’s recommendation for habeas
relief, despite guilty plea, where later appellate court construction of penal statute precluded
guilt); Ex parte Sparks, 206 S.W.3d 680, 683 (Tex.Crim.App. 2006) (when convicted
applicant claims he is actually innocent, and proves it, he will be relieved from the restraint
of conviction though he may have pleaded guilty and confessed); State ex rel. Abbott, 265
S.W.3d at 706 (describing distinction between legal sufficiency challenges not cognizable
in habeas corpus and “actual innocence” challenges). See also Ex parte Elizondo, 947
S.W.2d 202, 209 (Tex.Crim.App. 1996) (newly discovered or newly available evidence
demonstrates actual innocence). 
          Appellant’s challenge is not like that addressed in Perales or Sparks. He has not
demonstrated the record of his trial was “devoid of evidentiary support for a conviction” like
that in Perales. 215 S.W.3d at 420. Nor does appellant claim he is actually innocent of the
offense of which he plead guilty, much less has he proven his innocence. Sparks, 206
S.W.3d at 683. The substance of appellant’s evidentiary insufficiency claim is that there
existed a variance between the allegations of the State’s indictment and the evidence. Cf.
Gollihar v. State, 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). The general rule applies here. 
Appellant’s claims of the legal insufficiency of the evidence are not cognizable in this
habeas corpus proceeding, and the trial court did not abuse its discretion by denying
appellant habeas corpus relief based on them. 
          Issue Three - Defects in Indictments
          By statute in Texas, if the defendant in a criminal prosecution does not object to a
defect, error, or irregularity of form or substance in the indictment or information before the
date on which the trial on the merits commences, he waives and forfeits the right to object
to the defect, error, or irregularity and may not raise the objection on appeal or in any other
post-conviction proceeding. Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon 2005). The
statute serves the purpose of ensuring that indictment defects may be objected to and
repaired pretrial but would not invalidate an otherwise valid conviction if not raised before
trial. Teal v. State, 230 S.W.3d 172, 177 (Tex.Crim.App. 2007). 
          A contention, however, that an indictment did not meet our state constitution’s
definition of an indictment by alleging that a person committed an offense, and thus did not
vest the district court with jurisdiction, may be raised for the first time post-trial. Teal, 230
S.W.3d at 179, citing Cook v. State, 902 S.W.2d 471 (Tex.Crim.App. 1995). By his third
issue, appellant attempts to raise such a contention. He recognizes his objection to the
indictments against him were not raised before his trial. Relying here again on the analysis
in Porter, 996 S.W.2d at 320, appellant argues that by listing “elements that are impossible
to be stored on a computer [that is, films and photographs],” the indictments did not allege
the commission of an offense.


 Appellant’s argument ignores both the provisions of the
Penal Code provision under which he was indicted and case law applying the constitutional
requirements of an indictment.
          Penal Code § 43.26 states, in pertinent part:
(a) A person commits an offense if: (1) the person knowingly or intentionally
possesses visual material that visually depicts a child younger than 18 years of age
at the time the image of the child was made who is engaging in sexual conduct; and
(2) the person knows that the material depicts the child as described by Subdivision
(1). 

 
          (b) In this section: 

          * * * 

(3) “Visual material” means: (A) any film, photograph, videotape, negative, or slide or
any photographic reproduction that contains or incorporates in any manner any film,
photograph, videotape, negative, or slide; or (B) any disk, diskette, or other physical
medium that allows an image to be displayed on a computer or other video screen
and any image transmitted to a computer or other video screen by telephone line,
cable, satellite transmission, or other method. 

 
          Tex. Penal Code Ann. § 43.26 (Vernon 2003).
          To evaluate whether it meets the constitutional definition of an indictment, we look at
the indictment as a whole. Teal, 230 S.W.3d at 180. If the allegations in it are clear enough
that one can identify the offense alleged, the indictment is sufficient to confer subject matter
jurisdiction. Id.


 Appellant’s indictments identified the offense with which he was being
charged as “possession of child pornography.” They then stated “P.C. § 43.26.” The
indictments alleged appellant possessed “material containing a film image, to-wit: a
photograph located on a computer” and specified the file path in which the photograph was
located. The indictments further alleged appellant’s possession was accompanied by the
required culpable mental states, tracking the language of § 43.26. 
          The Court of Criminal Appeals in Duron v. State, 956 S.W.2d 547 (Tex.Crim.App.
1997), said a written instrument meets the constitutional definition of an indictment if it
“accuses someone of a crime with enough clarity and specificity to identify the penal statute
under which the State intends to prosecute, even if the instrument is otherwise defective.” 
Id. at 550-51. The court there further made clear that an instrument that adequately charges
the commission of an offense does not fail as an indictment simply because it also includes
“factual allegations that arguably evidence [the defendant’s] innocence.” Id. at 551. The
indictments here clearly set forth the penal statute under which appellant was being
prosecuted, and appellant does not contend otherwise. His contention that the charging
instruments were something less than indictments because of their use of the phrase “film
image” is meritless. Appellant was required to bring his objections to the indictments to the
attention of the trial court before trial, and may not now assert them. Accordingly, the trial
court did not abuse its discretion by denying appellant habeas corpus relief because of
asserted defects in the indictments. Appellant’s issue three is overruled. 
          Issue Four - Ineffective Assistance of Counsel
          In appellant’s last issue, he contends he was deprived of his constitutional right to the
effective assistance of counsel. In support of his position, he points to his retained counsel’s
“failure to notice the deficiencies in the indictments” and his failure to find applicable case
law, leading to appellant’s “mistaken” guilty plea in each case.
          Like his other issues, appellant’s ineffective assistance of counsel claim is founded
on the Porter case, 996 S.W.2d 317. He argues that, had his counsel properly performed
research, “he would have discovered the Porter case sitting right on top of the pile. 
Incompetence can be the only answer.” We disagree, and overrule the issue.
          A successful claim that one’s trial counsel provided ineffective assistance requires a
demonstration by a preponderance of the evidence (1) that counsel’s representation fell
below an objective standard of reasonableness and (2) there is a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002); Hernandez v. State, 726 S.W.2d
53, 57 (Tex.Crim.App. 1986). See also Hurley v. State, 606 S.W.2d 887 (Tex.Crim.App.
1980); Reese v. State, 905 S.W.2d 631, 635 (Tex.App.–Texarkana 1995, pet. ref’d), citing
Ex parte Gallegos, 511 S.W.2d 510 (Tex.Crim.App. 1974) (effectiveness of counsel, whether
retained or appointed, is judged by a single standard). Both Strickland prongs must be firmly
founded in the record. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). 
          Moreover, the reviewing court’s assessment of trial counsel’s performance must be
highly deferential; the court should indulge a strong presumption that counsel’s conduct fell
within a wide range of reasonable representation. Strickland, 466 U.S. at 689; Tong v. State,
25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The reviewing court must also be careful not to
second-guess through hindsight the strategy of counsel at trial; the mere fact that another
attorney might have pursued a different course will not support a finding of ineffectiveness. 
Blott v. State, 588 S.W.2d 588, 592 (Tex.Crim.App. 1979); Ex parte Simpson, 260 S.W.3d
172, 175-76 (Tex.App.–Texarkana 2008, pet. ref’d).
          The record before us simply does not support appellant’s contentions. First, the
factual premise of his contention, that his trial counsel was not aware of the Porter opinion,
is not founded in the record. Beyond appellant’s speculation, we have no information
concerning counsel’s awareness vel non of that case. Moreover, as we have noted, the
Porter opinion does not carry the importance here appellant ascribes to it. Its application
would not have guaranteed appellant an acquittal, as he insists.


 
          Further, the law is clear that in determining whether counsel’s assistance is effective,
the court must look at counsel’s representation of the defendant as a whole, and not merely
at isolated errors. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); Cannon v.
State, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). In that regard, we must notice that
appellant does not contend he was innocent of the charges of violation of Penal Code §
43.26, and counsel’s representation resulted in a deferred adjudication of his guilt with
community supervision. On this record, we find the trial court committed no abuse of
discretion by failing to grant appellant relief on his claim of violation of his Sixth Amendment
right to the effective assistance of counsel. 
          Having overruled each of appellant’s issues, we affirm the trial court’s denial of
appellant’s habeas application.
James T. Campbell

Justice

 
Publish.