NO. 07-07-0332-CR
NO. 07-07-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 17, 2009

______________________________


EX PARTE ALBERT V. JESSEP

______________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 51,224-A AND 51,225-A; HON. HAL MINER, PRESIDING
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Albert V. Jessep, proceeding pro se, appeals the denial of his requests
for habeas corpus relief, made pursuant to article 11.072 of the Code of Criminal
Procedure.


 We affirm.
Background
Â Â Â Â Â Â Â Â Â Â Appellantâs computer was seized by peace officers while it was being repaired at an
Amarillo computer shop. The computerâs hard drive contained pornographic images
involving children. By two July 2005 indictments, appellant was charged with two
possession of child pornography offenses.


 The language of the indictments was identical
with the exception of the description of the computer file paths in which the pornographic
images were located. In April 2006, appellant, represented by retained counsel, plead
guilty to each offense pursuant to a plea agreement. The trial court deferred adjudication
of appellantâs guilt and placed him on community supervision for a period of five years.
Â Â Â Â Â Â Â Â Â Â Appellant filed notice of appeal in both cases. We dismissed his appeals because
the trial courtâs certifications under Rule of Appellate Procedure 25.2 stated he had no right
of appeal and the record supported the certifications. Jessup v. State, No. 07-06-0242-CR,
07-06-0243-CR, 2006 WL 2660776 (Tex.App.âAmarillo Sept. 15, 2006, pet. refâd) (mem.
op., not designated for publication).


 Appellant then filed applications for writs of habeas
corpus alleging deficiencies in the indictments and alleging ineffective assistance of
counsel.


 The trial court entered findings of fact stating that appellantâs grounds for relief 
lacked merit, and denied appellantâs applications.


 These appeals followed.
Analysis
Standard of Review
Â Â Â Â Â Â Â Â Â Â In general, a trial court's ruling in a habeas proceeding should not be overturned
absent a clear abuse of discretion. Ex parte Mann, 34 S.W.3d 716, 718 (Tex.App.âFort
Worth 2000, no pet.). We are to evaluate whether the court abused its discretion by
determining whether the court acted without reference to any guiding rules or principles.
Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on rehâg); Mann,
34 S.W.3d at 718.
Application
Â Â Â Â Â Â Â Â Â Â Appellant presents four issues on appeal, all of which are based on the same
premise concerning the language of the indictments. The indictments alleged that on
December 31, 2004, appellant âdid then and there intentionally and knowingly possess
material containing a film image, to wit: a photograph located on a computer in file path
[describes path], which visually depicted, and which the defendant knew visually depicted
a child who was younger than 18 years of age at the time the film image of the child was
made, engaging in sexual conduct, to-wit: actual lewd exhibition of the genitals.â (Italics
ours). Appellantâs arguments focus on the words âfilm image.â He contends his computerâs
hard drive contained digital information, but nothing that properly could be called a âfilm
image.â 
Â Â Â Â Â Â Â Â Â Â Appellant relies primarily on Porter v. State, 996 S.W.2d 317 (Tex.App.âAustin
1999, no pet.), in which the court reversed Porterâs child pornography possession
conviction. Like appellant, Porterâs computer was found to contain pornographic images
stored in a file on the computerâs hard drive. The version of Penal Code Â§ 43.26 in effect
at the time Porterâs computer was searched defined the offense in terms of possession of
âmaterial containing a film image.â Porter, 996 S.W.2d at 319. The Austin court concluded
that the definition of âfilm imageâ then contained in the statute did not include computer
data and computer programs stored on a hard drive. Id. at 321. Finding that Porterâs
conduct thus was not criminalized by the statute then in effect, the court rendered a
judgment of acquittal. Id. at 322. 
Â Â Â Â Â Â Â Â Â Â As the Porter opinion makes clear, the legislature amended Penal Code Â§ 43.26 in
1997, and it is that amended version that governs appellantâs prosecution.


 Appellant does
not dispute that the current statute proscribes possession of child pornography stored
digitally on a computerâs hard drive. He contends, however, that the use of the phrases
âfilm imageâ in his indictments requires the same conclusion as that reached in Porter.



Appellant is mistaken. The conviction in Porter was reversed because his possession of
computer-stored images was not against the law at the time the images were discovered
in 1996.


 The legislature changed the law, and appellantâs possession of computer-stored
images of child pornography was against the law in 2004. The Stateâs use of the older âfilm
imageâ language in the indictments does not mean that appellantâs guilt or innocence is
determined under the pre-1997 version of the statute, which also used that language. See,
e.g., Davis v. State, 268 S.W.3d 683, 697 n.3 (Tex.App.âFort Worth 2008, pet. refâd);
Haynes v. State, 254 S.W.3d 466, 468 n.1 (Tex.App.âHouston [1st Dist.] 2007), affâd 273
S.W.3d 183 (Tex.Crim.App. 2008) (penal code provision(s) in effect at the time a person
commits the offense governs the case).



Issues One and Two - Legal Sufficiency of Evidence
Â Â Â Â Â Â Â Â Â Â With that discussion as background, we turn to appellantâs issues. Appellantâs first
two issues are couched in terms of the legal sufficiency of the evidence supporting his guilt. 
He contends the evidence was legally insufficient because no evidence showed he
possessed a âfilm imageâ as the indictments alleged. 
Â Â Â Â Â Â Â Â Â Â We begin our analysis by noting appellant plead guilty to each offense for which he
was charged. A guilty plea is more far-reaching than a confession admitting that a
defendant performed certain deeds. Ex parte Williams, 703 S.W.2d 674, 682
(Tex.Crim.App. 1986). The entry of a valid plea of guilty has the effect of admitting all
material facts alleged in the formal criminal charge. Id. A plea of guilty waives all non-jurisdictional defenses including contentions as to the insufficiency of the evidence. Id. 
Â Â Â Â Â Â Â Â Â Â Challenges to the legal sufficiency of the evidence supporting an underlying
conviction generally are not cognizable on an application for a writ of habeas corpus. See,
e.g., Ex parte Santana, 227 S.W.3d 700, 705 (Tex.Crim.App. 2007); Ex parte Perales, 215
S.W.3d 418, 419 (Tex.Crim.App. 2007); Ex parte Grigsby, 137 S.W.3d 673, 674
(Tex.Crim.App. 2004); State ex rel. Abbott v. Young, 265 S.W.3d 697, 706
(Tex.App.âAustin 2008, no pet.). There are exceptions to the general rule. See, e.g.,
Perales, 215 S.W.3d at 120 (agreeing with habeas courtâs recommendation for habeas
relief, despite guilty plea, where later appellate court construction of penal statute precluded
guilt); Ex parte Sparks, 206 S.W.3d 680, 683 (Tex.Crim.App. 2006) (when convicted
applicant claims he is actually innocent, and proves it, he will be relieved from the restraint
of conviction though he may have pleaded guilty and confessed); State ex rel. Abbott, 265
S.W.3d at 706 (describing distinction between legal sufficiency challenges not cognizable
in habeas corpus and âactual innocenceâ challenges). See also Ex parte Elizondo, 947
S.W.2d 202, 209 (Tex.Crim.App. 1996) (newly discovered or newly available evidence
demonstrates actual innocence). 
Â Â Â Â Â Â Â Â Â Â Appellantâs challenge is not like that addressed in Perales or Sparks. He has not
demonstrated the record of his trial was âdevoid of evidentiary support for a convictionâ like
that in Perales. 215 S.W.3d at 420. Nor does appellant claim he is actually innocent of the
offense of which he plead guilty, much less has he proven his innocence. Sparks, 206
S.W.3d at 683. The substance of appellantâs evidentiary insufficiency claim is that there
existed a variance between the allegations of the Stateâs indictment and the evidence. Cf.
Gollihar v. State, 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). The general rule applies here. 
Appellantâs claims of the legal insufficiency of the evidence are not cognizable in this
habeas corpus proceeding, and the trial court did not abuse its discretion by denying
appellant habeas corpus relief based on them. 
Â Â Â Â Â Â Â Â Â Â Issue Three - Defects in Indictments
Â Â Â Â Â Â Â Â Â Â By statute in Texas, if the defendant in a criminal prosecution does not object to a
defect, error, or irregularity of form or substance in the indictment or information before the
date on which the trial on the merits commences, he waives and forfeits the right to object
to the defect, error, or irregularity and may not raise the objection on appeal or in any other
post-conviction proceeding. Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon 2005). The
statute serves the purpose of ensuring that indictment defects may be objected to and
repaired pretrial but would not invalidate an otherwise valid conviction if not raised before
trial. Teal v. State, 230 S.W.3d 172, 177 (Tex.Crim.App. 2007). 
Â Â Â Â Â Â Â Â Â Â A contention, however, that an indictment did not meet our state constitutionâs
definition of an indictment by alleging that a person committed an offense, and thus did not
vest the district court with jurisdiction, may be raised for the first time post-trial. Teal, 230
S.W.3d at 179, citing Cook v. State, 902 S.W.2d 471 (Tex.Crim.App. 1995). By his third
issue, appellant attempts to raise such a contention. He recognizes his objection to the
indictments against him were not raised before his trial. Relying here again on the analysis
in Porter, 996 S.W.2d at 320, appellant argues that by listing âelements that are impossible
to be stored on a computer [that is, films and photographs],â the indictments did not allege
the commission of an offense.


 Appellantâs argument ignores both the provisions of the
Penal Code provision under which he was indicted and case law applying the constitutional
requirements of an indictment.
Â Â Â Â Â Â Â Â Â Â Penal Code Â§ 43.26 states, in pertinent part:
(a) A person commits an offense if: (1) the person knowingly or intentionally
possesses visual material that visually depicts a child younger than 18 years of age
at the time the image of the child was made who is engaging in sexual conduct; and
(2) the person knows that the material depicts the child as described by Subdivision
(1). 

Â 
Â Â Â Â Â Â Â Â Â Â (b) In this section: 

Â Â Â Â Â Â Â Â Â Â * * * 

(3) âVisual materialâ means: (A) any film, photograph, videotape, negative, or slide or
any photographic reproduction that contains or incorporates in any manner any film,
photograph, videotape, negative, or slide; or (B) any disk, diskette, or other physical
medium that allows an image to be displayed on a computer or other video screen
and any image transmitted to a computer or other video screen by telephone line,
cable, satellite transmission, or other method. 

Â 
Â Â Â Â Â Â Â Â Â Â Tex. Penal Code Ann. Â§ 43.26 (Vernon 2003).
Â Â Â Â Â Â Â Â Â Â To evaluate whether it meets the constitutional definition of an indictment, we look at
the indictment as a whole. Teal, 230 S.W.3d at 180. If the allegations in it are clear enough
that one can identify the offense alleged, the indictment is sufficient to confer subject matter
jurisdiction. Id.


 Appellantâs indictments identified the offense with which he was being
charged as âpossession of child pornography.â They then stated âP.C. Â§ 43.26.â The
indictments alleged appellant possessed âmaterial containing a film image, to-wit: a
photograph located on a computerâ and specified the file path in which the photograph was
located. The indictments further alleged appellantâs possession was accompanied by the
required culpable mental states, tracking the language of Â§ 43.26. 
Â Â Â Â Â Â Â Â Â Â The Court of Criminal Appeals in Duron v. State, 956 S.W.2d 547 (Tex.Crim.App.
1997), said a written instrument meets the constitutional definition of an indictment if it
âaccuses someone of a crime with enough clarity and specificity to identify the penal statute
under which the State intends to prosecute, even if the instrument is otherwise defective.â 
Id. at 550-51. The court there further made clear that an instrument that adequately charges
the commission of an offense does not fail as an indictment simply because it also includes
âfactual allegations that arguably evidence [the defendantâs] innocence.â Id. at 551. The
indictments here clearly set forth the penal statute under which appellant was being
prosecuted, and appellant does not contend otherwise. His contention that the charging
instruments were something less than indictments because of their use of the phrase âfilm
imageâ is meritless. Appellant was required to bring his objections to the indictments to the
attention of the trial court before trial, and may not now assert them. Accordingly, the trial
court did not abuse its discretion by denying appellant habeas corpus relief because of
asserted defects in the indictments. Appellantâs issue three is overruled.Â 
Â Â Â Â Â Â Â Â Â Â Issue Four - Ineffective Assistance of Counsel
Â Â Â Â Â Â Â Â Â Â In appellantâs last issue, he contends he was deprived of his constitutional right to the
effective assistance of counsel. In support of his position, he points to his retained counselâs
âfailure to notice the deficiencies in the indictmentsâ and his failure to find applicable case
law, leading to appellantâs âmistakenâ guilty plea in each case.
Â Â Â Â Â Â Â Â Â Â Like his other issues, appellantâs ineffective assistance of counsel claim is founded
on the Porter case, 996 S.W.2d 317. He argues that, had his counsel properly performed
research, âhe would have discovered the Porter case sitting right on top of the pile. 
Incompetence can be the only answer.â We disagree, and overrule the issue.
Â Â Â Â Â Â Â Â Â Â A successful claim that oneâs trial counsel provided ineffective assistance requires a
demonstration by a preponderance of the evidence (1) that counselâs representation fell
below an objective standard of reasonableness and (2) there is a reasonable probability that,
but for counselâs unprofessional errors, the result of the proceeding would have been
different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002); Hernandez v. State, 726 S.W.2d
53, 57 (Tex.Crim.App. 1986). See also Hurley v. State, 606 S.W.2d 887 (Tex.Crim.App.
1980); Reese v. State, 905 S.W.2d 631, 635 (Tex.App.âTexarkana 1995, pet. refâd), citing
Ex parte Gallegos, 511 S.W.2d 510 (Tex.Crim.App. 1974) (effectiveness of counsel, whether
retained or appointed, is judged by a single standard). Both Strickland prongs must be firmly
founded in the record. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). 
Â Â Â Â Â Â Â Â Â Â Moreover, the reviewing courtâs assessment of trial counselâs performance must be
highly deferential; the court should indulge a strong presumption that counselâs conduct fell
within a wide range of reasonable representation. Strickland,Â 466 U.S. at 689; Tong v. State,
25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The reviewing court must also be careful not to
second-guess through hindsight the strategy of counsel at trial; the mere fact that another
attorney might have pursued a different course will not support a finding of ineffectiveness. 
Blott v. State, 588 S.W.2d 588, 592 (Tex.Crim.App. 1979); Ex parte Simpson, 260 S.W.3d
172, 175-76 (Tex.App.âTexarkana 2008, pet. refâd).
Â Â Â Â Â Â Â Â Â Â The record before us simply does not support appellantâs contentions. First, the
factual premise of his contention, that his trial counsel was not aware of the Porter opinion,
is not founded in the record. Beyond appellantâs speculation, we have no information
concerning counselâs awareness vel non of that case. Moreover, as we have noted, the
Porter opinion does not carry the importance here appellant ascribes to it. Its application
would not have guaranteed appellant an acquittal, as he insists.


 
Â Â Â Â Â Â Â Â Â Â Further, the law is clear that in determining whether counselâs assistance is effective,
the court must look at counselâs representation of the defendant as a whole, and not merely
at isolated errors. Ex parte Kunkle,Â 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); Cannon v.
State,Â 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). In that regard, we must notice that
appellant does not contend he was innocent of the charges of violation of Penal Code Â§
43.26, and counselâs representation resulted in a deferred adjudication of his guilt with
community supervision. On this record, we find the trial court committed no abuse of
discretion by failing to grant appellant relief on his claim of violation of his Sixth Amendment
right to the effective assistance of counsel. 
Â Â Â Â Â Â Â Â Â Â Having overruled each of appellantâs issues, we affirm the trial courtâs denial of
appellantâs habeas application.
James T. Campbell

Justice

Â 
Publish.

Â 
Â 
Â 



center;line-height:normal'>FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



MAY
19, 2011

Â 



Â 

RICARDO DEWAYNE GOMEZ, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

Â 

NO. B18320-1003; HONORABLE EDWARD LEE SELF, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

MEMORANDUM OPINION

   Appellant,
Ricardo DeWayne Gomez, was convicted by a jury of the offense of aggravated
assault on a peace officer.[1]Â  Appellant proceeded to the trial court for
determination of punishment and, after hearing the evidence the trial court
assessed a term of confinement for 10 years and a $5,000 fine.Â  Appellant gave notice of appeal.Â  We will affirm the judgment of the trial
court.

Appellant=s attorney has filed an Anders
brief and a motion to withdraw.Â  Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).Â  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal
can be predicated.Â  Id.
at 744-45.Â  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment.Â 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.Â  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).Â  The Court has also advised appellant of his
right to file a pro se response.Â 
Appellant has filed a response.Â  

By his Anders
brief, counsel reviewed all grounds that could possibly support an appeal, but
concludes the appeal is frivolous.Â  We
have reviewed these grounds and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an
appeal.Â  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).Â  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Appellant
contends in his response that the evidence was not sufficient to sustain the
juryÂs verdict and that he received ineffective assistance of counsel.Â  We have reviewed the totality of the record
and find that any issue attacking the sufficiency of the evidence to support
the jury verdict is frivolous.Â  SeeÂ  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004).Â 
As to appellantÂs contentions of ineffective assistance of counsel, the
record does not support them, and they are likewise frivolous.Â  See Salinas v. State, 163 S.W.3d 734, 740 (Tex.Crim.App.
2005).

Accordingly, counsel=s motion to withdraw is hereby
granted and the trial court=s judgment is affirmed.[2]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JusticeÂ Â  

Do not publish.

Â 











[1]
See
Tex. Penal Code Ann. Â§ 22.01(b)(1) (West Supp. 2010).





[2] Counsel shall, within five days after this opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of appellant=s right to file a pro se petition for
discretionary review.Â  See Tex. R. App. P. 48.4.