NO. 07-09-00367-CR; 07-09-00368-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 4, 2010

EX PARTE ALBERT V. JESSEP

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,224-A, 51-225-A; HONORABLE HAL MINER, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Albert V. Jessep appeals from the trial court's order denying the relief requested in his subsequent application for writ of habeas corpus, filed under article 11.072 of the Code of Criminal Procedure. We affirm.

Background

Jessep's computer was seized by peace officers while it was being repaired at an Amarillo computer shop. The computer's hard drive contained pornographic images involving children. By two July 2005 indictments, he was charged with two possession

of child pornography offenses.[1]   In April 2006, Jessep, represented by retained counsel, plead guilty to each offense.  The trial court deferred adjudication of his guilt and placed him on community supervision for a period of five years.

Jessep filed notice of appeal in both cases.  We dismissed his appeals because the trial court's certifications under Rule of Appellate Procedure 25.2 stated he had no right of appeal and the record supported the certifications.  *Jessup v. State,* No. 07-06-0242-CR, 07-06-0243-CR, 2006 WL 2660776 (Tex.App.–Amarillo Sept. 15, 2006, pet. ref'd) (mem. op., not designated for publication).[2]  Jessep then filed *pro se* applications for writs of habeas corpus alleging deficiencies in the indictments and alleging ineffective assistance of counsel.  The trial court denied his applications, and we affirmed the trial court's denial order.  *Ex Parte Jessep,* 281 S.W.3d 675 (Tex.App.— Amarillo 2009, pet. ref'd).

In October 2009, Jessep filed a subsequent writ of habeas corpus alleging four grounds. The trial court considered and denied Jessep's writ.  This appeal followed.

*Standard of Review*

Article 11.072 of the Code of Criminal Procedure provides an opportunity for habeas corpus relief for defendants seeking relief from an order or a judgment of

---

[1] *See* Tex. Penal Code Ann. § 43.26 (Vernon 2003).  This is a third degree felony punishable by imprisonment for any term of not more than ten years or less than two years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.34 (Vernon 2003).

[2] Appellant's last name was spelled "Jessup" in the orders from which he appealed.

conviction ordering community supervision. Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005); *Ex parte Cummins*, 169 S.W.3d 752, 756 (Tex. App.--Fort Worth 2005, no pet.). To prevail on a writ of habeas corpus, the proponent must prove his allegations by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995), *cert. denied*, 518 U.S. 1021, 116 S. Ct. 2556, 135 L. Ed. 2d 1074 (1996). If the trial court denies the application in whole or in part, the applicant may appeal under article 44.02 and rule 31 of the Texas Rules of Appellate Procedure. Tex. Code Crim. Proc. Ann. art. 11.072**,** § 8; *Ex parte Villanueva*, 252 S.W.3d 391, 396-97 (Tex.Crim.App.2008). In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007); *Ex parte Twine*, 111 S.W.3d 664, 665 (Tex. App.--Fort Worth 2003, pet. ref'd).

When, like here, an applicant files a subsequent application for a writ of habeas corpus after final disposition of an initial application under article 11.072, the court may not consider the merits of or grant relief on the subsequent application unless it "contains specific facts establishing that the current claims and issues have not been and could not have been presented" in the initial application, "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." Tex. Code Crim. Proc. Ann. art. 11.072, § 9(a) (Vernon 2005). A claim's "legal basis" is unavailable if it "was not recognized by and could not have been reasonably formulated from a final decision" of a federal or Texas appellate court at the

time the previous application was filed. *Id.* § 9(b). The factual basis of a claim is unavailable if it was not then ascertainable through the exercise of reasonable diligence. *Id.* § 9(c).

*Application*

Jessep's initial application for writ of habeas corpus challenged the sufficiency of the evidence supporting his prosecution and a claim of ineffective assistance of his retained counsel, both grounds being based on perceived defects in his indictments. 281 S.W.3d at 678. Addressing his contentions, we noted the general precept that challenges to the legal sufficiency of evidence supporting an underlying conviction are not cognizable in habeas corpus proceedings. *Id.* at 679, citing, *inter alia*, *Ex parte Santana*, 227 S.W.3d 700, 705 (Tex.Crim.App. 2007). We noted also that the rule has exceptions, including those in which an "actual innocence" claim is presented. *Id.* at 680, citing, *inter alia*, *Ex parte Sparks*, 206 S.W.3d 680, 683 (Tex.Crim.App. 2006). We then held that Jessep had not presented an actual innocence claim, and thus applied the general rule, finding his claims of the legal insufficiency of the evidence not cognizable in his habeas corpus proceeding.[3] *Id.*

By his subsequent application, through his grounds two and four, Jessep attempts now to assert an actual innocence claim. Cognizant he must demonstrate that

---

[3] We remain aware that the adjudication of Jessep's guilt was deferred. By addressing his contentions regarding the sufficiency of the evidence, we do not intend any general comment on evidentiary sufficiency challenges in deferred adjudication cases. Jessep has not been convicted of the offense to which he plead guilty. *See Donovan v. State*, 68 S.W.3d 633, 636 (Tex.Crim.App. 2002) (contrasting deferred adjudication and regular community supervision).

the basis of such a claim was unavailable to him when he filed his initial application, Jessep contends, via ground three, that the reporter's record from his original plea hearing was not included in the record of his initial application, despite his requests that it be included, thus preventing presentation of his claim. For purposes of addressing Jessep's contention, we will assume, without so holding, that a deficiency in the record can make the factual basis of a claim unavailable for purposes of § 9(c) of art. 11.072. We thus consider the merits of Jessep's contentions.

The reporter's record from the April 17, 2006 plea hearing is appended to Jessep's subsequent habeas corpus application. It forms the basis for his contention he has demonstrated a complete absence of evidence to support his guilty plea. Beginning his analysis with article 1.15 and its requirement that the State produce evidence to support a plea of guilty, Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005), Jessep contends the trial court heard no evidence to support his plea. Jessep limits his analysis to the information the court heard from an informal stipulation. Toward the end of the plea colloquy, the trial court asked the prosecutor to briefly state "the facts." The prosecutor recited that "some images" were found on Jessep's computer at a repair shop. Police were called, and took the computer. The "images" included those of children under the age of fourteen. After hearing Jessep affirm he had heard the prosecutor's brief recitation, the court asked, "Is that what happened?" Jessep answered the court affirmatively.

Jessep's contentions in his subsequent application, and here on appeal, ignore the instruments he signed at the plea hearing, which includes his court-accepted

written judicial confession.[4]  Even assuming the trial court was authorized under § 9(c) of article 11.072 to grant relief under Jessep's attempted actual innocence claim, we find the court did not abuse its discretion by denying relief.  The evidence the court had before it at the plea hearing met the requirements of the deferred adjudication statute to "substantiate the defendant's guilt."  Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2008); *see Donovan,* 68 S.W.3d at 636 (describing effects of deferral of adjudication); *Labib v. State,* 239 S.W.3d 322, 329-30 (Tex.App.—Houston [1st Dist.] 2007, no pet.) (same).  The habeas record before the court in no way established Jessep's actual innocence.

By his fourth claim, Jessep also advances the contentions he was ineffective acting as his own counsel in his initial habeas corpus proceeding, and the trial court should have informed him of his right to counsel in that proceeding.  The contentions are misguided.  Outside of death penalty cases, in Texas there is no constitutional or statutory right to counsel in habeas corpus proceedings.  *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Martinez v. Johnson,* 255 F.3d 229, 240-41 (5th Cir. 2001), *cert. denied* 534 U.S. 1163, 122 S.Ct. 1175, 152 L.Ed.2d 118 (2002); *Ex parte Graves,* 70 S.W.3d 103, 113 (Tex.Crim.App. 2002); *Cf.* Tex. Code Crim. Proc. Ann. art. 11.071 § 2 (Vernon 2007) (counsel for

---

[4] We take judicial notice of the contents of the clerk's record in our file on appellant's direct appeals, No. 07-06-0242-CR and No. 07-06-0243-CR. *See* Tex. R. Evid. 201 (judicial notice).  In addition to showing the court's acceptance of his written judicial confession, the plea papers include the trial court's approval of his waiver of rights and his consent to stipulations of evidence.  Jessep's written judicial confession includes his statements that he had read the indictment filed in the case and that he "committed each and every allegation it contains."  *See Menefee v. State*, 287 S.W.3d 9 (Tex.Crim.App. 2009) (addressing satisfaction of article 1.15's requirements).

6

habeas corpus applicant seeking relief from judgment imposing death penalty).  It follows there is no right to constitutionally effective counsel.  *Graves*, 70 S.W.3d at 111.

As we read it, the first ground asserted in Jessep's subsequent application is a complaint about the time of the trial court's handling of his initial application.  The complaint is moot.  This court's mandate affirming the trial court's denial of the initial application was issued on February 12, 2007.

We find the trial court did not abuse its discretion by denying Jessep's subsequent application for writ of habeas corpus**.**   We overrule each of Jessep's issues and affirm the trial court's order denying habeas relief.

We have carried with the appeal two motions filed by Jessep, one regarding his request for grand jury materials, the other requesting abatement of the appeal and remand to the trial court.  Both are overruled.


James T. Campbell
Justice


Do not publish.