NO. 07-07-0332-CR
NO. 07-07-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 17, 2009

_____

EX PARTE ALBERT V. JESSEP

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 51,224-A AND 51,225-A; HON. HAL MINER, PRESIDING
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

OPINION

Appellant Albert V. Jessep, proceeding *pro se*, appeals the denial of his requests

for habeas corpus relief, made pursuant to article 11.072 of the Code of Criminal

Procedure.[1]  We affirm.

Background

Appellant's computer was seized by peace officers while it was being repaired at an

Amarillo computer shop.  The computer's hard drive contained pornographic images

_____

[1] Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2003).  *See generally Ex parte Villanueva,* 252 S.W.3d 391, 395-98 (Tex.Crim.App. 2008) (describing effect and operation of art. 11.072).

involving children. By two July 2005 indictments, appellant was charged with two possession of child pornography offenses.[2] The language of the indictments was identical with the exception of the description of the computer file paths in which the pornographic images were located. In April 2006, appellant, represented by retained counsel, plead guilty to each offense pursuant to a plea agreement. The trial court deferred adjudication of appellant's guilt and placed him on community supervision for a period of five years.

Appellant filed notice of appeal in both cases. We dismissed his appeals because the trial court's certifications under Rule of Appellate Procedure 25.2 stated he had no right of appeal and the record supported the certifications. *Jessup v. State,* No. 07-06-0242-CR, 07-06-0243-CR, 2006 WL 2660776 (Tex.App.–Amarillo Sept. 15, 2006, pet. ref'd) (mem. op., not designated for publication).[3] Appellant then filed applications for writs of habeas corpus alleging deficiencies in the indictments and alleging ineffective assistance of counsel.[4] The trial court entered findings of fact stating that appellant's grounds for relief lacked merit, and denied appellant's applications.[5] These appeals followed.

---

[2] *See* Tex. Penal Code Ann. § 43.26 (Vernon 2003). This is a third degree felony punishable by imprisonment for any term of not more than ten years or less than two years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003).

[3] Appellant's last name was spelled "Jessup" in the orders from which he appealed.

[4] Under article 11.072, § 3(a), "[a]n application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal under Article 44.2 and Rule 25.2, Texas Rules of Appellate Procedure." Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a) (Vernon 2003). His application under article 11.072 was permitted because Rule 25.2 barred an appeal of the trial court's order. Tex. R. App. P. 25.2; *State v. Webb,* 244 S.W.3d 543, 547 (Tex.App.–Houston [1st Dist.] 2007, no pet.).

[5] *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 7(a) (Vernon 2005).

2

Analysis

Standard of Review

In general, a trial court's ruling in a habeas proceeding should not be overturned absent a clear abuse of discretion. *Ex parte Mann*, 34 S.W.3d 716, 718 (Tex.App.–Fort Worth 2000, no pet.). We are to evaluate whether the court abused its discretion by determining whether the court acted without reference to any guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh'g); *Mann,* 34 S.W.3d at 718.

Application

Appellant presents four issues on appeal, all of which are based on the same premise concerning the language of the indictments. The indictments alleged that on December 31, 2004, appellant "did then and there intentionally and knowingly possess material containing a *film image*, to wit: a photograph located on a computer in file path [describes path], which visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the *film image* of the child was made, engaging in sexual conduct, to-wit: actual lewd exhibition of the genitals." (Italics ours). Appellant's arguments focus on the words "film image." He contends his computer's hard drive contained digital information, but nothing that properly could be called a "film image."

Appellant relies primarily on *Porter v. State,* 996 S.W.2d 317 (Tex.App.–Austin 1999, no pet.), in which the court reversed Porter's child pornography possession conviction. Like appellant, Porter's computer was found to contain pornographic images stored in a file on the computer's hard drive. The version of Penal Code § 43.26 in effect at the time Porter's computer was searched defined the offense in terms of possession of "material containing a film image." *Porter,* 996 S.W.2d at 319. The Austin court concluded that the definition of "film image" then contained in the statute did not include computer data and computer programs stored on a hard drive. *Id.* at 321. Finding that Porter's conduct thus was not criminalized by the statute then in effect, the court rendered a judgment of acquittal. *Id.* at 322.

As the *Porter* opinion makes clear, the legislature amended Penal Code § 43.26 in 1997, and it is that amended version that governs appellant's prosecution.[6] Appellant does not dispute that the current statute proscribes possession of child pornography stored digitally on a computer's hard drive. He contends, however, that the use of the phrases "film image" in his indictments requires the same conclusion as that reached in *Porter*.[7] Appellant is mistaken. The conviction in *Porter* was reversed because his possession of computer-stored images was not against the law at the time the images were discovered

---

[6] In September 1997, § 43.26 was amended to substitute the phrase "visual material" for "material containing a film image." Tex. Gen. Laws, Acts 1997, 75th Leg., ch. 933.

[7] The State acknowledges that the indictments utilized language from the earlier version of the statute, and that the indictment language was not a "model of clarity."

in 1996.[8] The legislature changed the law, and appellant's possession of computer-stored images of child pornography was against the law in 2004. The State's use of the older "film image" language in the indictments does not mean that appellant's guilt or innocence is determined under the pre-1997 version of the statute, which also used that language. *See, e.g., Davis v. State,* 268 S.W.3d 683, 697 n.3 (Tex.App.–Fort Worth 2008, pet. ref'd)*; Haynes v. State,* 254 S.W.3d 466, 468 n.1 (Tex.App.–Houston [1st Dist.] 2007), *aff'd* 273 S.W.3d 183 (Tex.Crim.App. 2008) (penal code provision(s) in effect at the time a person commits the offense governs the case).[9]

Issues One and Two - Legal Sufficiency of Evidence

With that discussion as background, we turn to appellant's issues. Appellant's first two issues are couched in terms of the legal sufficiency of the evidence supporting his guilt. He contends the evidence was legally insufficient because no evidence showed he possessed a "film image" as the indictments alleged.

---

[8] The Austin court expressly noted that the legislature's amendment of the child pornography statute some eleven months after Porter's computer was searched could not relate back to support his prosecution. *Porter,* 996 S.W.2d at 321.

[9] Section 2 of Acts 1997, 75th Leg., ch. 933 provides:

(a) The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 1997] of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

We begin our analysis by noting appellant plead guilty to each offense for which he was charged. A guilty plea is more far-reaching than a confession admitting that a defendant performed certain deeds. *Ex parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim.App. 1986). The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge. *Id.* A plea of guilty waives all non-jurisdictional defenses including contentions as to the insufficiency of the evidence. *Id.*

Challenges to the legal sufficiency of the evidence supporting an underlying conviction generally are not cognizable on an application for a writ of habeas corpus. *See, e.g., Ex parte Santana,* 227 S.W.3d 700, 705 (Tex.Crim.App. 2007); *Ex parte Perales,* 215 S.W.3d 418, 419 (Tex.Crim.App. 2007); *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex.Crim.App. 2004); *State ex rel. Abbott v. Young,* 265 S.W.3d 697, 706 (Tex.App.–Austin 2008, no pet.). There are exceptions to the general rule. *See, e.g., Perales*, 215 S.W.3d at 120 (agreeing with habeas court's recommendation for habeas relief, despite guilty plea, where later appellate court construction of penal statute precluded guilt); *Ex parte Sparks,* 206 S.W.3d 680, 683 (Tex.Crim.App. 2006) *(*when convicted applicant claims he is actually innocent, and proves it, he will be relieved from the restraint of conviction though he may have pleaded guilty and confessed); *State ex rel. Abbott,* 265 S.W.3d at 706 (describing distinction between legal sufficiency challenges not cognizable in habeas corpus and "actual innocence" challenges). *See also Ex parte Elizondo,* 947 S.W.2d 202, 209 (Tex.Crim.App. 1996) (newly discovered or newly available evidence demonstrates actual innocence).

Appellant's challenge is not like that addressed in *Perales* or *Sparks*. He has not demonstrated the record of his trial was "devoid of evidentiary support for a conviction" like that in *Perales*. 215 S.W.3d at 420. Nor does appellant claim he is actually innocent of the offense of which he plead guilty, much less has he proven his innocence. *Sparks*, 206 S.W.3d at 683. The substance of appellant's evidentiary insufficiency claim is that there existed a variance between the allegations of the State's indictment and the evidence. *Cf. Gollihar v. State,* 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). The general rule applies here. Appellant's claims of the legal insufficiency of the evidence are not cognizable in this habeas corpus proceeding, and the trial court did not abuse its discretion by denying appellant habeas corpus relief based on them.

Issue Three - Defects in Indictments

By statute in Texas, if the defendant in a criminal prosecution does not object to a defect, error, or irregularity of form or substance in the indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other post-conviction proceeding. Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon 2005). The statute serves the purpose of ensuring that indictment defects may be objected to and repaired pretrial but would not invalidate an otherwise valid conviction if not raised before trial. *Teal v. State,* 230 S.W.3d 172, 177 (Tex.Crim.App. 2007).

A contention, however, that an indictment did not meet our state constitution's definition of an indictment by alleging that a person committed an offense, and thus did not

7

vest the district court with jurisdiction, may be raised for the first time post-trial. *Teal,* 230

S.W.3d at 179, *citing Cook v. State,* 902 S.W.2d 471 (Tex.Crim.App. 1995). By his third

issue, appellant attempts to raise such a contention. He recognizes his objection to the

indictments against him were not raised before his trial. Relying here again on the analysis

in *Porter,* 996 S.W.2d at 320, appellant argues that by listing "elements that are impossible

to be stored on a computer [that is, films and photographs]," the indictments did not allege

the commission of an offense.[10] Appellant's argument ignores both the provisions of the

Penal Code provision under which he was indicted and case law applying the constitutional

requirements of an indictment.

Penal Code § 43.26 states, in pertinent part:

(a) A person commits an offense if: (1) the person knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct; and (2) the person knows that the material depicts the child as described by Subdivision (1).

(b) In this section:

\* \* \*

(3) "Visual material" means: (A) any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide; or (B) any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method.

Tex. Penal Code Ann. § 43.26 (Vernon 2003).

_____

[10] Appellant's brief further states, "The bottom line is that a person cannot be charged with the commission of a crime that is impossible to commit! (i.e. storing films and photographs on a computer)."

To evaluate whether it meets the constitutional definition of an indictment, we look at the indictment as a whole. *Teal*, 230 S.W.3d at 180. If the allegations in it are clear enough that one can identify the offense alleged, the indictment is sufficient to confer subject matter jurisdiction. *Id*.[11] Appellant's indictments identified the offense with which he was being charged as "possession of child pornography." They then stated "P.C. § 43.26." The indictments alleged appellant possessed "material containing a film image, to-wit: a photograph located on a computer" and specified the file path in which the photograph was located. The indictments further alleged appellant's possession was accompanied by the required culpable mental states, tracking the language of § 43.26.

The Court of Criminal Appeals in *Duron v. State*, 956 S.W.2d 547 (Tex.Crim.App. 1997), said a written instrument meets the constitutional definition of an indictment if it "accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Id*. at 550-51. The court there further made clear that an instrument that adequately charges the commission of an offense does not fail as an indictment simply because it also includes "factual allegations that arguably evidence [the defendant's] innocence." *Id*. at 551. The indictments here clearly set forth the penal statute under which appellant was being prosecuted, and appellant does not contend otherwise. His contention that the charging instruments were something less than indictments because of their use of the phrase "film image" is meritless. Appellant was required to bring his objections to the indictments to the

---

[11] The court in *Teal* restated the test as, "Can the [courts] and the defendant identify what penal code provision is alleged and is that penal code provision one that vests jurisdiction in the trial court?" *Id*. at 180.

9

attention of the trial court before trial, and may not now assert them. Accordingly, the trial court did not abuse its discretion by denying appellant habeas corpus relief because of asserted defects in the indictments. Appellant's issue three is overruled.

Issue Four - Ineffective Assistance of Counsel

In appellant's last issue, he contends he was deprived of his constitutional right to the effective assistance of counsel. In support of his position, he points to his retained counsel's "failure to notice the deficiencies in the indictments" and his failure to find applicable case law, leading to appellant's "mistaken" guilty plea in each case.

Like his other issues, appellant's ineffective assistance of counsel claim is founded on the *Porter* case, 996 S.W.2d 317. He argues that, had his counsel properly performed research, "he would have discovered the *Porter* case sitting right on top of the pile. Incompetence can be the only answer." We disagree, and overrule the issue.

A successful claim that one's trial counsel provided ineffective assistance requires a demonstration by a preponderance of the evidence (1) that counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). *See also Hurley v. State,* 606 S.W.2d 887 (Tex.Crim.App. 1980); *Reese v. State,* 905 S.W.2d 631, 635 (Tex.App.–Texarkana 1995, pet. ref'd), *citing Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App. 1974) (effectiveness of counsel, whether

10

retained or appointed, is judged by a single standard).  Both *Strickland* prongs must be firmly

founded in the record.  *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Moreover, the reviewing court's assessment of trial counsel's performance must be

highly deferential; the court should indulge a strong presumption that counsel's conduct fell

within a wide range of reasonable representation.  *Strickland,* 466 U.S. at 689; *Tong v. State,*

25 S.W.3d 707, 712 (Tex.Crim.App. 2000).  The reviewing court must also be careful not to

second-guess through hindsight the strategy of counsel at trial; the mere fact that another

attorney might have pursued a different course will not support a finding of ineffectiveness.

*Blott v. State,* 588 S.W.2d 588, 592 (Tex.Crim.App. 1979); *Ex parte Simpson,* 260 S.W.3d

172, 175-76 (Tex.App.–Texarkana 2008, pet. ref'd).

The record before us simply does not support appellant's contentions.  First, the

factual premise of his contention, that his trial counsel was not aware of the *Porter* opinion,

is not founded in the record.  Beyond appellant's speculation, we have no information

concerning counsel's awareness *vel non* of that case.  Moreover, as we have noted, the

*Porter* opinion does not carry the importance here appellant ascribes to it.  Its application

would not have guaranteed appellant an acquittal, as he insists.[12]

Further, the law is clear that in determining whether counsel's assistance is effective,

the court must look at counsel's representation of the defendant as a whole, and not merely

at isolated errors.  *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); *Cannon v.*

---

[12] Indeed, had counsel brought the *Porter* opinion to the attention of the State and the trial court, it is difficult to see the action would have brought about any change in appellant's prosecution, beyond the possible modification of the indictments.

*State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). In that regard, we must notice that appellant does not contend he was innocent of the charges of violation of Penal Code § 43.26, and counsel's representation resulted in a deferred adjudication of his guilt with community supervision. On this record, we find the trial court committed no abuse of discretion by failing to grant appellant relief on his claim of violation of his Sixth Amendment right to the effective assistance of counsel.

Having overruled each of appellant's issues, we affirm the trial court's denial of appellant's habeas application.

James T. Campbell
Justice

Publish.