# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00449-CR
NO. 03-10-00450-CR

**Ex parte Tina Marie Mortland**

FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-05-580-C & CR-05-581-C
HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Tina Marie Mortland was placed on community supervision after she pleaded guilty to the offenses of fraudulently filing financing statements and retaliation. In each of the above causes, Mortland filed a pro se application for writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). The district court determined that Mortland was manifestly entitled to no relief and entered an order denying the application as frivolous. *See id*. art. 11.072 § 7. This appeal followed. We will affirm the orders.

In her habeas applications, Mortland asserted that she was denied her Sixth Amendment right to counsel at her initial hearing before the magistrate. *See Rothgery v. Gillespie County*, 554 U.S. 191, 199 (2008). Mortland further claimed that she was denied her Fifth Amendment right to due process.

An appellate court reviewing a trial court's ruling on a habeas claim must review the evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Jessep*, 281 S.W.3d at 678.

Mortland's claim concerning her right to counsel is based on a misunderstanding of the Supreme Court's holding in *Rothgery*. In that case, the Supreme Court did not hold that a defendant has a right to counsel at her initial appearance before a judicial officer. Instead, the Court held only that the Sixth Amendment right to counsel attaches at such an appearance and that "counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Rothgery*, 554 U.S. at 212-13. Mortland presented no evidence that she requested appointment of counsel, was indigent and entitled to appointment of counsel, or that she was denied counsel during any critical stage of the proceedings. On this record, we cannot conclude that the district court abused its discretion in finding this claim to be frivolous.[1]

We similarly cannot conclude that the district court abused its discretion in finding Mortland's due-process claim to be frivolous. Mortland presented no evidence that her due-process rights were violated, and this contention appears to be based on her previous argument that she was

---

[1] Mortland characterizes the decision in *Rothgery* as "new evidence" and claims that she was entitled to an evidentiary hearing on this claim. No such entitlement exists. *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.).

denied her right to counsel at her initial appearance. As we have already explained, on this record, that argument is without merit.

Finally, Mortland asserts for the first time on appeal that the district court "is and will forever be" prejudiced against her. The record does not support this claim. To the extent that Mortland raises other claims in her brief that were not raised in her habeas applications, they are waived. *See* Tex. R. App. P. 33.1.

We affirm the orders denying habeas relief.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: August 11, 2011

Do Not Publish

3