

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00006-CR

EX PARTE

RAPHAEL JOHN DONATO

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. C-396-010452-1190374-AP

----------

## MEMORANDUM OPINION[1]

----------

Appellant Raphael John Donato was convicted of indecency with a child, imposition of his ten-year sentence was suspended, and he was placed on ten years' community supervision. He appealed his conviction, and his conviction was affirmed on appeal.[2] He then filed an application for writ of habeas corpus in

---

[1]*See* Tex. R. App. P. 47.4.

[2]*Donato v. State*, No. 02-11-00313-CR, 2014 WL 1704115, at *1, *15 (Tex. App.—Fort Worth Apr. 30, 2014, pet. ref'd) (mem. op., not designated for publication).

the trial court pursuant to article 11.072 of the code of criminal procedure,[3] contending that his conviction was the result of ineffective assistance of his trial counsel, who had died after the trial. After a hearing, the trial court denied habeas relief, adopting the State's amended proposed findings of fact and conclusions of law. Appellant timely appealed. Because the trial court did not clearly abuse its discretion by denying habeas relief, we affirm the trial court's order.

**FACTS AND PROCEDURAL HISTORY**

At Appellant's trial, the complainant testified that a light shone from outside the window, that the TV box had an illuminated digital clock that reflected off the mirror, that she wore glasses, and that she talked to Appellant when she awakened to him touching her inappropriately. Appellant's daughter testified that her bedroom blinds were closed but that lights sometimes shone through the blinds and that her bedroom was dark that night.

After trial counsel suggested that Appellant had had no opportunity to sexually assault the complainant because at the time of the alleged offense, she was asleep in the same bed as his daughter, who was a light sleeper, the trial court held that the defense had opened the door to the testimony of Appellant's former stepdaughter that he had molested her more than a thousand times when

---

[3]Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015).

2

she lived with him. The trial court gave the jury a limiting instruction, instructing them to consider that evidence only in regard to opportunity.

A single text message of the complainant's was introduced at trial. Trial counsel argued that the State had committed prosecutorial misconduct for failing to provide the defense all of her text messages. Additionally, the complainant reported at trial that she had been told that she might have post-traumatic stress disorder (PTSD) and testified that the sexual assault had "definitely very much affect[ed] (her) life." Trial counsel successfully excluded the evidence of the complainant's diagnosis, which included major depressive disorder without psychosis, generalized anxiety disorder without panic, and moderate PTSD.

Appellant also testified at his trial. The State repeatedly asked him his opinion of the complainant's veracity. Although trial counsel objected once, he did not preserve his complaint regarding this line of questioning. Then the State argued in closing argument that the jury would have to convict Appellant unless they found that the complainant was lying.

Appellant argued in his application for writ of habeas corpus and in the writ hearing before the trial court that he was entitled to a new trial because he was improperly represented at trial.[4] He argued that trial counsel's actions constituting ineffective assistance included (1) opening the door to an otherwise

---

[4] *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

inadmissible extraneous offense; (2) failing to object to the State's eliciting testimony regarding the complainant's veracity; and (3) failing to investigate, preserve, and present exculpatory evidence (focusing on the complainant's text messages and mental health records and the bedroom in Appellant's own home). Appellant also argued that even if each act taken alone did not constitute ineffective assistance, cumulatively, they did amount to ineffective assistance of counsel. Because trial counsel had died by the time Appellant filed his application for writ of habeas corpus, trial counsel could not contest the accusations of ineffectiveness. The defense investigator did file affidavits discussing his work and his contact with trial counsel.

In eighty-seven findings of fact and twenty-nine conclusions of law, the trial court essentially concluded that trial counsel's actions and failures to act were reasonable trial strategy and that Appellant did not sustain his burden of proving ineffective assistance.

**THE LAW**

### Standard of Review

In general, a trial court's ruling in a habeas proceeding should not be overturned absent a clear abuse of discretion.[5] We are to evaluate whether the trial court abused its discretion by determining whether the trial court acted

---

[5]*Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd).

without reference to any guiding rules or principles.[6]  In doing so, we view the evidence in the light most favorable to the trial court's ruling.[7]

**Proving Ineffective Assistance of Counsel**

An applicant for habeas corpus relief has the burden of proving ineffective assistance of counsel by a preponderance of the evidence.[8]  To demonstrate ineffective assistance of counsel, an applicant must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's deficiency, the result of the proceeding would have been different.[9]  A reviewing court analyzes claims of ineffective assistance under the "totality of the representation" standard.[10]  First, the reviewing court examines an applicant's allegations of deficient performance and decides whether trial counsel's actions

---

[6]*Id.*

[7]*Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006) (holding court of appeals was to review facts in light most favorable to trial court's ruling even when no witnesses testified and all evidence was submitted in written affidavits); *State v. Wilson*, 288 S.W.3d 13, 16 (Tex. App.—Houston [1st Dist.] 2008, pet. granted) (applying standard of review to article 11.072 writ), *aff'd*, 324 S.W.3d 595 (Tex. Crim. App. 2010).

[8]*Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

[9]*Ex parte McFarland*, 163 S.W.3d 743, 751–52 (Tex. Crim. App. 2005) (relying on *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *Ex parte Jannereth*, No. 02-13-00498-CR, 2013 WL 6567908, at *1 (Tex. App.—Fort Worth Dec. 12, 2013, pets. ref'd) (mem. op., not designated for publication).

[10]*Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004).

or omissions were "constitutionally deficient."[11]  If the reviewing court decides that trial counsel's conduct was constitutionally deficient, it then determines whether counsel's specific acts or omissions, in their totality, prejudiced the applicant's defense.[12]

**ANALYSIS**

**Opening the Door to Inadmissible Evidence**

Appellant initially complained in his application that trial counsel committed ineffective assistance by opening the door to an otherwise inadmissible extraneous offense.  At Appellant's trial, trial counsel argued that Appellant had no opportunity to assault the complainant because she was asleep in bed with two other girls and he was in bed with his wife, who would have noticed that he was missing.[13]  Trial counsel presented testimony that Appellant's daughter was a light sleeper and would have awakened if he had inappropriately touched the girl who was in bed with her.[14]  Trial counsel also presented testimony that Appellant's wife did not sleep that night and would have known if he had left the bed because she was with him for all but five seconds.[15]

---

[11]*Id.*

[12]*Id.*

[13]*Donato*, 2014 WL 1704115, at *3–4.

[14]*Id.* at *4.

[15]*Id.*

6

In response, the State offered evidence that Appellant had inappropriately touched his former stepdaughter years before the date of the alleged offense on trial.[16] Trial counsel had received evidence revealed in discovery of *Brady*[17] material that Appellant's former stepdaughter had recanted her statements to Child Protective Services (CPS) regarding the sexual abuse. At trial, however, she again claimed that her statements to CPS were true. Trial counsel cross-examined her about her intent to retract her statement and her changing her mind only after being "threatened" by the State. He also cross-examined her on the fact that only after the allegations were made in the instant case did she first report to authorities the sexual abuse that she contended had occurred fifteen years earlier.

An applicant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy.[18] Trial counsel's decision to challenge Appellant's opportunity to commit the offense and to attack the credibility of the former stepdaughter does not appear to be unreasonable trial strategy. Nor did Appellant suggest in his application another, and sounder, defense that trial counsel could have raised that would

---

[16]*Id.* at *5–6.

[17]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[18]*Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986); *Ex parte Irwin*, No. 02-09-00282-CR, 2009 WL 3720176, at *3 (Tex. App.—Fort Worth Nov. 5, 2009, pet. denied) (mem. op., not designated for publication).

have had a greater chance of success. Considering the entire record, we hold that the trial court did not abuse its discretion by holding that trial counsel's decision to present the "lack of opportunity" defense was the result of reasonable trial strategy and not deficient performance.

**Failure to Object to Improper Questions of Complainant's Veracity**

As to Appellant's contention that trial counsel committed ineffective assistance by failing to timely object to the State's questions regarding Appellant's opinion of the truthfulness of the complainant's testimony, the State argued in its response to Appellant's application that, because of trial counsel's death, there was no evidence of what he was trying to accomplish. The State also pointed out that trial counsel made vociferous objections during the complainant's testimony, but his not timely objecting to the State's questioning of Appellant about the complainant's veracity allowed Appellant to express his opinion that the complainant was lying. The State finally argued that there was no evidence that the decision not to object was not sound trial strategy.

While questioning a witness about the veracity of another witness is not proper,[19] the failure to object to inadmissible testimony can constitute a sound

---

[19]*Williams v. State*, 17 S.W.2d 56, 58 (Tex. Crim. App. 1928); *see also Cross v. State*, Nos. 02-02-00404-CR, 02-02-00405-CR, 2003 WL 22674776, at *7 (Tex. App.—Fort Worth Nov. 13, 2003, pet. ref'd) (not designated for publication).

and plausible trial strategy.[20] We therefore hold that the trial court did not abuse its discretion by concluding that Appellant did not meet his burden of proving deficient performance regarding trial counsel's failure to object.

**Pretrial Investigation and Exculpatory Evidence**

Appellant's third area of complaint concerned the extent of trial counsel's pretrial investigation and his alleged failure to preserve and present alleged exculpatory evidence. As Appellant pointed out in his application, the trial was a swearing match between the complainant and him. He argued that further investigation would have undermined the complainant's credibility and her ability to identify him as her attacker because of poor lighting. The trial court addressed the sufficiency of trial counsel's investigation of the complainant, including her phone, school, and counseling records, as well as his investigation of the lighting in the room of Appellant's home where the sexual assault allegedly occurred. The trial court also addressed trial counsel's presentation of such evidence. The trial court held that Appellant failed to prove that the outcome of trial would have been different had trial counsel investigated any of these areas more or had he presented more evidence in these categories.

Although trial counsel has an obligation to make reasonable investigation and reasonable decisions regarding the investigation, there is no evidence in the

---

[20]*See Ahmadi v. State*, 864 S.W.2d 776, 783 (Tex. App.—Fort Worth 1993, pet. ref'd).

9

record before us that trial counsel failed to do so.[21] Trial counsel is not required to investigate every conceivable line of evidence, no matter how unlikely the effort would be to assist the defendant.[22] Applying the appropriate standard of review, we hold that the trial court did not abuse its discretion by holding that Appellant failed to sustain his burden to prove deficient performance.

**No Cumulative Prejudice**

Finally, Appellant argued in his live habeas application that even if the trial court should conclude that, individually, none of the alleged acts of ineffective assistance mandated relief, in its totality, trial counsel's performance so prejudiced Appellant that it deprived him of a fair trial, requiring habeas relief. Because Appellant did not meet his burden of proving that he received deficient counsel under the first *Strickland* prong as to any of the allegations or as to the totality of counsel's performance, we overrule this issue.[23]

**CONCLUSION**

Having overruled all of Appellant's complaints, we affirm the trial court's order denying habeas relief.

---

[21]*See Conrad v. State*, 77 S.W.3d 424, 425 (Tex. App.—Fort Worth 2002, pet. ref'd); *Irwin*, 2009 WL 3720176, at *3.

[22]*Wiggins v. Smith*, 539 U.S. 510, 533, 123 S. Ct. 2527, 2541 (2003); *Irwin*, 2009 WL 3720176, at *3.

[23]*See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069; *Hall v. State*, No. 02-09-00213-CR, 2010 WL 4570035, at *8 (Tex. App.—Fort Worth Nov. 4, 2010, no pet.) (mem. op., not designated for publication).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 18, 2016