

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00012-CR

ADRIAN LEE CHACON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. C-396-010606-1342992-BP

----------

## MEMORANDUM OPINION[1]

----------

In October 2014, Appellant Adrian Lee Chacon pled guilty to felony boating while intoxicated (BWI), and the trial court convicted him and sentenced him to pay a $1,000 fine and to serve ten years' confinement but suspended imposition of the confinement, placing Appellant on community supervision for three years. Appellant did not appeal the conviction, and the trial court denied relief on his

---

[1]*See* Tex. R. App. P. 47.4.

postconviction writ of habeas corpus. The trial court later granted Appellant an out-of-time appeal regarding that denial of relief. In one issue, Appellant contends that because he was denied his right to effective assistance of counsel at trial, his guilty plea was not knowing or voluntary. Because the trial court did not abuse its discretion by denying habeas relief, we affirm the trial court's order denying that relief.

**Procedural Facts**

On March 17, 2015, about five months after he was convicted and placed on community supervision, Appellant filed an application for writ of habeas corpus under article 11.072 of the code of criminal procedure,[2] alleging that he had been denied the effective assistance of trial counsel. The trial court denied habeas relief in June 2015. Appellant did not appeal the denial of habeas relief.[3]

In October 2015, Appellant filed a second application for writ of habeas corpus requesting an out-of-time appeal, explaining that he had intended to appeal the denial of relief under the first writ and had failed to do so through no fault of his own. In its response, the State agreed that the requested right to appeal should be granted. The trial court granted relief and allowed Appellant the right to appeal the trial court's denial of relief from the first writ of habeas corpus; that is, the trial court granted Appellant an out-of-time appeal. Appellant

---

[2]Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015).

[3]*See id.* art. 11.072, § 8.

then timely filed this out-of-time appeal on January 4, 2016.

**Facts**

Appellant signed a judicial confession. His BWI conviction was enhanced to a third-degree felony because of two prior convictions for driving while intoxicated (DWI).[4] One of those convictions was out of a justice court in Mesa, Arizona.

**Law and Analysis**

In his sole point, Appellant argues that the Mesa, Arizona DWI conviction was void or voidable under Texas law and that his trial counsel rendered ineffective assistance by allowing him to plead guilty, rendering his plea involuntary.[5] We generally review a trial court's decision to deny habeas relief under article 11.072 for an abuse of discretion.[6] Viewing the evidence in the light most favorable to the trial court's ruling, we determine whether the trial court acted without reference to any guiding rules or principles.[7]

An applicant for habeas corpus relief challenging the effectiveness of

---

[4]*See* Tex. Penal Code Ann. § 49.06(a) (West 2011), § 49.09(b) (West Supp. 2016).

[5]*See, e.g., Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

[6]*Ex parte Donato*, No. 02-16-00006-CR, 2016 WL 673668, at *2 (Tex. App.—Fort Worth Feb. 18, 2016, pet. ref'd) (mem. op., not designated for publication); *Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd).

[7]*Donato*, 2016 WL 673668, at *2; *Jessep*, 281 S.W.3d at 678.

3

counsel has the burden of proving ineffective assistance of counsel by a preponderance of the evidence.[8]   To demonstrate ineffective assistance of counsel, an applicant must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's deficiency, the result of the proceeding would have been different.[9]  A reviewing court analyzes claims of ineffective assistance under the "totality of the representation" standard.[10]   First, the reviewing court examines an applicant's allegations of deficient performance and decides whether trial counsel's actions or omissions were "constitutionally deficient."[11]   If the reviewing court decides that trial counsel's conduct was constitutionally deficient, it then determines whether counsel's specific acts or omissions, in their totality, prejudiced the applicant's defense.[12]

A defendant is entitled to effective assistance of counsel during the plea-

---

[8] *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

[9] *Ex parte McFarland*, 163 S.W.3d 743, 751–52 (Tex. Crim. App. 2005) (relying on *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *Donato*, 2016 WL 673668, at *2.

[10] *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004).

[11] *Id.*

[12] *Id.*

bargaining process.[13] When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel,

> the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[14]

An applicant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy.[15] Although trial counsel has an obligation to make reasonable investigation and reasonable decisions regarding the investigation, there is no evidence in the record before us that trial counsel failed to do so.[16]

Appellant relies on *Gaddy v. State*[17] to support his argument that the Arizona judgment is inadequate under Texas law. *Gaddy* dealt with a conviction out of a municipal court in New Mexico when Gaddy was not represented by

---

[13]*See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370–71 (1985); *Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993).

[14]*Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. 1999) (citations and internal quotation marks omitted).

[15]*Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986); *Donato*, 2016 WL 673668, at *3.

[16]*See Conrad v. State*, 77 S.W.3d 424, 425 (Tex. App.—Fort Worth 2002, pet. ref'd); *Donato*, 2016 WL 673668, at *4.

[17]No. 02-09-00347-CR, 2011 WL 1901972 (Tex. App.—Fort Worth May 19, 2011) (mem. op, not designated for publication), *judgm't vacated on other grounds*, No. PD-1118-11, 2012 WL 4448757, at *1 (Tex. Crim. App. Sept. 26, 2012) (not designated for publication).

5

counsel and for an offense that would not have constituted a DWI conviction under Texas law.[18] That is, *Gaddy* dealt with a void conviction used to enhance Gaddy's Texas DWI conviction.[19]

Appellant appears to argue that trial counsel should have challenged the validity of the Arizona conviction and that the Arizona conviction was voidable. Appellant also appears to concede that trial counsel's investigator had investigated the Arizona conviction. Additionally, the State points out that the prosecution was prepared to bring witnesses from Arizona to prove up the conviction and that trial counsel was aware of that fact. Nor can we determine from the record before us whether the questions about the Arizona conviction affected any plea-bargaining negotiations.

A conviction that is merely voidable, as opposed to void ab initio, cannot be attacked by writ of habeas corpus but must be attacked by direct appeal.[20] To the extent that Appellant appears to be challenging the validity of the Arizona conviction and the sufficiency of the evidence to support the Arizona enhancement of his current conviction, Appellant has not shown that the DWI offense for which he was convicted in Arizona is not essentially the same as that

---

[18]*Id.* at *9.

[19]*Id.*

[20]*Ex parte Shields*, 550 S.W.2d 670, 675 (Tex. Crim. App. 1977) (op. on reh'g); *see* Tex. R. App. P. 43.2(c); *Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007); *see also Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010).

of Texas, as our law requires.[21]  Because Appellant has not sustained his burden of showing trial counsel's actions or inactions were not based on reasonable trial strategy,[22] he has failed to sustain his burden to show ineffective assistance of counsel at trial.  We, therefore, overrule his sole point.

**Conclusion**

Having overruled Appellant's sole point, we affirm the trial court's order denying habeas relief.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016

---

[21] *See Gaddy*, 2011 WL 1901972, at *5–6.

[22] *See Butler*, 716 S.W.2d at 54; *Donato*, 2016 WL 673668, at *3.

7