

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00359-CR

EX PARTE DEDRICK HOUSTON

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. C-213-010777-1343879-AP

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Dedrick Houston appeals the trial court's denial of his article 11.072 application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015). We will affirm.

### II. PROCEDURAL BACKGROUND

Houston was indicted on two counts of improper photography or visual recording for intentionally or knowingly photographing or recording a visual image

---

[1]*See* Tex. R. App. P. 47.4.

of a woman at a location that was a bathroom or private dressing room with intent to invade the woman's privacy or with the intent to arouse or gratify the sexual desire of himself or another person. *See* Tex. Penal Code Ann. § 21.15(b)(2) (West 2011). Houston later pleaded guilty to the first count, and the trial court deferred a finding of guilt, placed Houston on three years of deferred adjudication community supervision, and assessed a $300 fine.

Houston recently filed an article 11.072 application for writ of habeas corpus in the trial court, arguing that the statute on which his judgment was based, section 21.15[2] of the penal code, was found to be facially unconstitutional in *Ex parte Thompson*, 442 S.W.3d 325, 348–51 (Tex. Crim. App. 2014). The trial court denied Houston's habeas application.

### III. THE TRIAL COURT'S DENIAL OF HOUSTON'S HABEAS APPLICATION

Houston is appealing the trial court's denial of his article 11.072 application for writ of habeas corpus.[3]

---

[2]The legislature amended this statute in 2015. *See* Tex. Penal Code Ann. § 21.15 (West Supp. 2016). All references in this opinion to section 21.15 will be to the prior version of the statute, the version upon which the trial court's order of deferred adjudication rests. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 500, § 1, 2003 Tex. Sess. Law Serv. 500 (amended 2015) (current version at Tex. Penal Code Ann. § 21.15).

[3]In an appeal from a trial court's denial of an application for writ of habeas corpus, an appellate court may, but is not required to, request briefing from the parties. *See* Tex. R. App. P. 31.1 ("When the appellate court receives the record, the court will—if it desires briefs—set the time for filing briefs, and will set the appeal for submission."). As the issue presented here—whether *Thompson*'s holding should void the judgment entered against Houston—was adequately

## A. Standard of Review

We generally review a trial court's decision to deny an article 11.072 habeas application for an abuse of discretion. *Chacon v. State*, No. 02-16-00012-CR, 2016 WL 5443358, at *1 (Tex. App.—Fort Worth Sept. 29, 2016, no pet. h.) (mem. op., not designated for publication); *Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd). Viewing the evidence in the light most favorable to the trial court's ruling, we determine whether the trial court acted without reference to any guiding rules or principles. *Chacon*, 2016 WL 5443358, at *1; *Jessep*, 281 S.W.3d at 678.

## B. *Thompson*'s Holding

In his habeas application, Houston argues that his conviction is void because of the court of criminal appeals's holding in *Thompson*. Before we address the holding in *Thompson*, we think it is important to note that the statute at issue here and in *Thompson*—the applicable version of section 21.15 of the penal code—contained different elements depending on whether the images were taken in a bathroom or private dressing room (section 21.15(b)(2)) or whether they were taken at a location other than a bathroom or private dressing room (section 21.15(b)(1)). *See* Tex. Penal Code Ann. § 21.15. Section 21.15 stated, in pertinent part,

---

presented at the trial level through Houston's habeas application and the State's response, we submitted this case without briefing.

3

(b) A person commits an offense if the person:

(1) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location *that is not* a bathroom or private dressing room:

(A) without the other person's consent; and

(B) with intent to arouse or gratify the sexual desire of any person;

(2) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location *that is* a bathroom or private dressing room:

(A) without the other person's consent; and

(B) with intent to:

(i) invade the privacy of the other person; or

(ii) arouse or gratify the sexual desire of any person[.]

*Id.* (emphasis added).

In *Thompson*, the appellant was charged under section 21.15(b)(1) for taking photographs of a person without consent at a location *that was not a bathroom or private dressing room*. 442 S.W.3d at 330. The appellant argued that section 21.15(b)(1) was unconstitutional on its face because it violated the free speech clause of the First Amendment. *Id.* The court of criminal appeals held that strict scrutiny had not been met because section 21.15(b)(1) was "not the least restrictive means of protecting the substantial privacy interests in

question." *Id.* In reaching that holding, the court referenced the fact that by excluding the bathroom or private dressing room element and by failing to include any required intent to invade the privacy of another, section 21.15(b)(1) was designed to be a general "catch-all" provision. *Id.* at 348–49. The court then contrasted section 21.15(b)(1) with section 21.15(b)(2), noting that section 21.15(b)(2), in addition to including the bathroom or private dressing room element, also included a culpable mental state concerning the intent to invade the privacy of another. *Id.* at 349. The court went on to state that in contrast to section 21.15(b)(1), section 21.15(b)(2) "is in fact narrowly drawn to protect substantial privacy interests." *Id.* at 348–49.

## C. Application of *Thompson*'s Holding to this Case

Houston bases his application entirely on the fact that the court of criminal appeals found section 21.15(b)(1) to be unconstitutional in *Thompson*.[4] But Houston was not charged under section 21.15(b)(1); rather, because his alleged crime concerned photographs or recordings taken in a bathroom or private

---

[4]Houston references two other cases, *Porterie v. State*, No. 03-14-00214-CR, 2015 WL 1514530, at *1 (Tex. App.—Austin Mar. 27, 2015, no pet.) (mem. op., not designated for publication) and *Shohreh v. State*, No. 05-14-00134-CR, 2014 WL 5804190, at *1 (Tex. App.—Dallas Nov. 10, 2014, no pet.) (mem. op., not designated for publication), that discuss *Thompson* and the constitutionality of section 21.15(b)(1). Neither of those cases, however, involved the application of section 21.15(b)(2), and both cases make clear that *Thompson* only invalidated a portion of section 21.15, not section 21.15 in its entirety. *See Porterie*, 2015 WL 1514530, at *1 ("[T]he court of criminal appeals held that the portion of the statute set out above [i.e., section 21.15(b)(1)] was facially unconstitutional."); *Shohreh*, 2014 WL 5804190, at *1 ("[T]he court of criminal appeals held section 21.15(b)(1) facially unconstitutional.").

5

dressing room, Houston was charged under section 21.15(b)(2).  *See* Tex. Penal Code Ann. § 21.15(b)(2).  In *Thompson*, the court of criminal appeals specifically stated that section 21.15(b)(2) was "narrowly drawn to protect substantial privacy interests" and declared only section 21.15(b)(1) facially unconstitutional.  442 S.W.3d at 348–49.  Because the court of criminal appeals' holding in *Thompson* did nothing to invalidate section 21.15(b)(2), the provision applied to Houston, the trial court did not abuse its discretion in denying Houston's application for writ of habeas corpus.

## IV. CONCLUSION

We affirm the trial court's order denying Houston's application for writ of habeas corpus.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 27, 2016

6