

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00336-CR

ANTONIO GOMEZ-RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 7054-A, Honorable Dale A. Rabe, Jr., Presiding

April 29, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Antonio Gomez-Rodriguez appeals from the denial of his application for writ of habeas corpus, filed pursuant to article 11.072 of the Texas Code of Criminal Procedure. He petitioned for the writ contending that his trial counsel was ineffective. Allegedly, counsel failed to tell him that he (being a non-citizen of the United States) would be deported if he pleaded guilty to the charged offense of possessing a controlled substance and, nonetheless, had his adjudication of guilt deferred. As urged in the application, "petitioner should have had the mandatory results of this plea [i.e., deportation] explained to him so he could have made an informed decision if he wished to try his case with full

knowledge of the consequences." And, the purported default rendered his ensuing plea of guilt less than knowing and voluntary, he continued. Shortly after so pleading and having the adjudication of guilt deferred, he was arrested by immigration authorities for purposes of deportation. The trial court heard the application and denied it. We affirm.

### Analysis

We review the trial court's decision under the standard of abused discretion. *Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd); *Ex parte Salazar*, No. 07-23-00021-CR, 2023 Tex. App. LEXIS 4358, at *2-5 (Tex. App.—Amarillo June 21, 2023, pet. ref'd) (mem. op., not designated for publication). Discretion is abused when the decision lies outside the zone of reasonable disagreement. *Id.*

Next, an applicant seeking relief based on an allegedly involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Furthermore, counsel's advice can be so deficient so as to make a guilty plea involuntary. *Ex parte Salazar*, 2023 Tex. App. LEXIS 4358, at *3. That is, a guilty plea may not be knowing or voluntary if made due to counsel's provision of ineffective assistance. *Id.* at *3-4 (citing *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (en banc)). Proving that here would require appellant to establish that 1) his counsel's representation fell below an objective standard of reasonableness and 2) the deficiency prejudiced him by causing him to give up his right to a trial. *Ex parte Salazar*, 2023 Tex. App. LEXIS 4358, at *4.

Under the first prong of the test, appellant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Id.* The reasonableness of counsel's performance is judged under prevailing professional norms. *Id.* Under the second prong, appellant must show a reasonable

probability exists that, but for counsel's errors, the result would have been different. *Ex parte Owais*, 626 S.W.3d 428, 434 (Tex. App.—Amarillo 2021, pet. ref'd). Failure to prove both prongs by a preponderance of the evidence will defeat the claim of ineffectiveness. *Id.* For purposes of this appeal, we address the second prong.

Upon hearing the application, the trial court executed findings of fact and conclusions of law, none of which appellant questions on appeal. Many of those findings pertained to the plea hearing that resulted in appellant's decision to plead guilty. They include:

1. "Applicant informed the Court that he was a 'resident.' The Court inquired whether Applicant meant 'resident alien,' to which question Applicant answered in the affirmative";

2. "The Court informed Applicant that by pleading guilty to the charged offense, Applicant's **resident alien status would likely be revoked** and that Applicant **would be deported** to his country of origin";

3. "Applicant informed the Court that he understood that **his resident alien status would likely be revoked and that he would be deported** to his country of origin"; and

4. "The Court inquired of Applicant whether Stacy Grant, Applicant's counsel at the plea hearing, had explained Applicant's rights and all of the paperwork Applicant had signed as part of the plea process. Applicant stated that Ms. Grant had provided such explanations."

(Emphasis added).[1]

---

[1] The findings we quote omit the trial court's express references to the reporter's record of the plea hearing. That record was not one of the items included within the appellate record currently before us. Nor did appellant request that it be incorporated into the appellate record. Generally, in absence of a complete record, an appellate court is not in a position to overrule the trial court. *Ex parte Sykes*, No. 01-22-00904-CR, 2023 Tex. App. LEXIS 3165, at *7 (Tex. App.—Houston [1st Dist.] May 11, 2023, no pet.) (mem. op., not designated for publication). And, that the trial court may have reviewed the transcript of the earlier plea hearing sua sponte while affording the parties opportunity to provide additional information is not a matter about which appellant complained of below or here.

3

Conclusions of law issued by the court include:

1. "In response to inquiry by the Court, Applicant's oral acknowledgment that he understood that his plea of guilty **would likely result in the revocation** of his resident alien status **and deportation** to his country of origin is prima facie evidence that Applicant was aware that he may be deported to the county of his origin due to his guilty plea."

2. "Applicant's written acknowledgment that his plea was freely and voluntarily made establishes a prima facie case that his plea was knowing and voluntary."

3. "Based on the entire record and the signed plea paperwork for deferred adjudication, the Applicant has not met his heavy burden to prove that he was unaware of the immigration consequences of his plea of guilty."

4. "Applicant has failed to prove that he was provided ineffective assistance of counsel with respect to the immigration consequences of his plea of guilty."

(Emphasis added).

And, though appellant may have had difficulty understanding the English language, the trial court appointed an interpreter to assist in the translation at the earlier plea hearing. This was done at appellant's request. Moreover, "[t]he Court [found] Jacob Henderson [the appointed translator] to be qualified to provide Spanish translation."

With the foregoing in mind, we observe that irrespective of the discussions had between appellant and trial counsel concerning deportation, the trial court itself told appellant that his resident alien status "would likely be revoked" and he "would be deported." Those were circumstances appellant understood, according to the aforementioned findings. Despite so understanding, appellant, nonetheless, pleaded guilty in exchange for deferring the adjudication of his guilt. Simply put, he received the information he contended that trial counsel denied him to make his plea knowing and voluntary. Having received it, the plea could not be defective due to its absence.

4

So too did appellant plead guilty after garnering the information. Doing so negates the insinuation that if he had the information, he would have opted to forego a guilty plea and, instead, try the accusations. To reiterate, he received the purportedly missing information and still pleaded guilty.

As for appellant's complaint about the absence of a qualified translator when conversing with trial counsel prior to the plea, we again note that such an interpreter was present at the plea hearing when the trial court admonished him. Appellant does not suggest that said translator failed to provide an accurate interpretation of what transpired or of the court's admonishments concerning his ongoing status as a resident alien and deportation.

Under these circumstances, we cannot say the trial court abused its discretion in denying appellant's application for writ of habeas corpus. In short, appellant failed to illustrate 1) a reasonable probability that he would have withheld his guilty plea had he been told he would be deported and 2) his plea was neither knowing nor voluntary.

We overrule appellant's issues and affirm the order denying the writ of habeas corpus.

Brian Quinn
Chief Justice

Do not publish.

5